IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARAFAT ALLAHHAM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:21-cv-2503-E-BN |
| | § | |
| EDDY RICE, Warden, Okmulgee County | § | |
| Jail, Okmulgee, Oklahoma, ET AL., | § | |
| | § | |
| Respondents. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Arafat Allahham, a native and citizen of Jordan, is currently detained by the U.S. Immigration and Customs Enforcement (ICE) at a facility in Okmulgee County, Oklahoma while he appeals his Final Administrative Removal Order (FARO) to the United States Court of Appeals for the Fifth Circuit. Through counsel, Allahham filed this application for a writ of habeas corpus under 28 U.S.C. § 2241 requesting that, rather than remain in ICE custody, he be removed to Jordan while he appeals the FARO to the Fifth Circuit. *See* Dkt. No. 1.

Allahham paid the applicable filing fee. United States District Judge Ada Brown referred this matter to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because the Court lacks jurisdiction over Allahham's habeas petition, it should be transferred to the Eastern District of Oklahoma, where he was physically confined when he filed the petition.

"In general, '[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the [petitioner] is confined.'" *Dada v. Witte*, Civ. A. No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing, in turn, *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001))).

And Allahham does concede that, when he filed his habeas petition, he was not physically confined in this district. *See* Dkt. No. 1 at 7 ("The office of the Warden of the Okmulgee County Jail is, naturally, located at that facility, 315 W. 8th Street, Okmulgee, Oklahoma 74447."). But he argues that he

> is being detained [ ] at the instigation of the Dallas Office of ICE – [Enforcement and Removal Operations (ERO)], which is located within the Northern District of Texas. To be clear, it is ICE that controls where Mr. Allahham is to be detained, and over the course of the last several months, ICE has transferred Mr. Allahham to various detention facilities.

*Id.* (citation omitted; concluding that, "[b]ecause this Court has jurisdiction over Dallas ERO, it also has jurisdiction over the Warden of the Okmulgee County Jail").

Allahham therefore argues that, because, in reality, an entity in this district legally controls where he is detained, this Court has jurisdiction over his Section 2241 petition. But "identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged 'custody.'" *Padilla*, 542 U.S. at 439.

Thus, "[i]n challenges to present physical confinement," the United States Supreme Court has "reaffirm[ed] that the immediate custodian, not a supervisory

official who exercises legal control, is the proper respondent." *Id.* at 439-40 (further noting that, "[i]f the 'legal control' test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition" but, "[a]s the statutory language, established practice, and our precedent demonstrate, that is not the case").

And at least one other district court in this circuit in a reasoned decision declined to adopt the argument that Allahham advances:

> Plaintiffs are correct that the Fifth Circuit has not yet addressed the precise issue presented here. Consequently, this Court declines to guess whether that court might recognize an exception in immigrant detainee cases to the general rule that "the proper respondent is the warden of the facility where the prisoner is being held." Thus, the Court declines to find that the New Orleans Field Office of ICE is the "immediate custodian" of each plaintiff in this case for the purposes of exercising jurisdiction over the § 2241 claims asserted by Plaintiffs in their Petition and Complaint.

*Dada*, 2020 WL 1674129, at *3.

Refusing to adopt this exception in immigration cases is further consistent with the fact that

> the Fifth Circuit has "firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a petitioner's § 2241 petition." *Lee v. Wetzel*, 244 F.3d at 373. This principle is so firmly entrenched that the district courts lack discretion to transfer a § 2241 petition to a district where the petitioner is not held. *Id.* This principle stems from the authority conferred on the federal courts through § 2241(a) "to grant writs of habeas corpus 'within their respective jurisdictions.'" *Id.* This means "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Padilla*, 542 U.S. at 442 (2004). And this "proviso," when combined with the "immediate custodian rule," forms the following simple rule: "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447.

*Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *8 (W.D. Tex. June 18, 2020) (citation modified and brackets omitted).

While Allahham's filing this habeas case in the wrong district deprives the Court of jurisdiction, *see* 28 U.S.C. § 2241(a), the Court may still transfer a case filed in the wrong district (or division) "to any district or division in which it could have been brought," *id.* § 1406(a); *see also id.* § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a)."); *Day v. Chandler*, 55 F. App'x 716, 2002 WL 31933183, at *1 (5th Cir. Dec. 20, 2002) (per curiam) ("The Eastern District also properly transferred the petition to the Northern District. *See* 28 U.S.C. §§ 1406(a), 1631."). And the Court may raise this issue *sua sponte. See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

In sum, because, when he filed this matter, Allahham was physically confined in Okmulgee County, Oklahoma, within the Eastern District of Oklahoma, *see* 28 U.S.C. § 116(b), the Court should transfer the habeas petition to that judicial district under Sections 1406(a) and 1631, *cf. Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("When Griffin filed his petition, he was incarcerated in a federal prison within the Middle District of Pennsylvania. He filed his petition in the district court of that district and named as respondent the warden of the institution in which he was imprisoned. These steps properly complied with habeas procedure. Jurisdiction attached on that initial filing for habeas corpus relief, and it was not destroyed by the transfer of petitioner and accompanying custodial change." (citations omitted)).

## Recommendation

The Court should *sua sponte* transfer this habeas action to the Eastern District of Oklahoma.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 15, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE